IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert L. Mack, #08827-058, | ) |
| | ) C.A. No. 4:10-567-HMH-TER |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Federal Bureau of Prisons; John R. Owen, | ) |
| Warden; and Dr. Kristi Brantley, Drug | ) |
| Program Coordinator, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Robert L. Mack ("Mack"), a federal prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming deprivations to his Eighth and Fourteenth Amendment rights.  Defendants filed a motion to dismiss or in the alternative, a motion for summary judgment.  Because the parties relied upon documents outside of the pleadings, Magistrate Judge Rogers construed the matter as a motion for summary judgment, and he recommends granting summary judgment in favor of Defendants.  For the reasons explained below, the court adopts the Report and Recommendation and grants Defendants' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 1992, Mack was sentenced in the United States District Court for the Western District of North Carolina to 300 months' imprisonment for various drug and firearm offenses. (Def. Mot. Summ. J. Ex. B (Pl. Sentence Computation, generally).) While incarcerated at FCI-Williamsburg, Mack completed a 40-hour non-residential drug program. (Pl. Resp. Opp'n Summ. J. Ex. 2 (Drug Treatment Information at 1).) Thereafter he applied for admission to the Bureau of Prison's ("BOP") 500-hour Residential Drug Abuse Program ("RDAP"). (Am. Compl. ¶ 5.) The BOP, however, determined that he was ineligible for RDAP because he failed to produce documentation verifying he had a substance abuse problem in accordance with BOP policy. (Def. Mot. Dismiss Ex. F (Notice of RDAP Ineligibility at 1).) To demonstrate a history of substance abuse, Mack submitted to BOP officials medical reports noting the presence of "old track marks" on his forearms. (Am. Compl. Ex. 3 (Pl. Medical Evaluation at 2).) Dr. Kristi Brantley ("Dr. Brantley"), a drug abuse program coordinator for the BOP, again denied him admission to RDAP. (Def. Mot. Summ. J. Ex. D (Pl. Psychological Data File at 3).) She informed him that BOP policy required documentation showing a substance abuse disorder within the twelve months preceding an inmate's arrest and that the track marks were insufficient to satisfy this requirement. (Id. Ex. D (Pl. Psychological Data File at 3).) After exhausting his administrative remedies, Mack filed this Bivens action, claiming that Defendants' refusal to admit him to RDAP violated both his constitutional and statutory rights.

## II. REPORT AND RECOMMENDATION

Magistrate Judge Rogers concluded that Mack's constitutional and statutory claims were without merit and alternatively, that Defendants were entitled to qualified immunity. (Report & Recommendation, generally.) Consequently, the magistrate judge recommends granting summary judgment in favor of Defendants. Mack filed objections to the Report on July 18, 2011.[2] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Mack's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. The court, however, was able to glean two specific objections: (1) the magistrate judge erred in recommending summary judgment on his deliberate indifference claim, and (2) the BOP's requirement mandating documentation of substance abuse during the twelve months immediately preceding arrest is an unreasonable exercise of its discretionary authority.[3]

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] Magistrate Judge Rogers additionally concluded that Defendants were entitled to summary judgment on Mack's equal protection claim because Mack failed to allege or otherwise show that Defendants treated him differently than other prisoners with whom he is similarly situated. Although Mack generally alludes to his equal protection claim in his objections, he fails to raise any specific objection to the magistrate judge's conclusion. The court, therefore, agrees that Defendants are entitled to summary judgment on this claim.

3

### III. DISCUSSION OF THE LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

#### B. Objections

With respect to his Eighth Amendment claim, Mack argues that he has submitted sufficient evidence showing that prison officials knew of his long history of drug abuse but failed to provide him with appropriate treatment. (Objections 4.) He maintains, therefore, that Defendants were deliberately indifferent to a serious medical need. (Id.) As the magistrate judge noted, however, Mack was admitted to and participated in a 40-hour drug program while he was incarcerated. (Report & Recommendation 5.) Although Mack complains that he should have been admitted to the 500-hour RDAP, disagreements in medical care fail to rise to the level

4

of an Eighth Amendment violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, Mack presented no allegations that he was deprived of a basic human need sufficient to implicate the Eighth Amendment. See Robinson v. Gonzales, 493 F. Supp. 2d 758, 764 (D. Md. 2007) (finding Eighth Amendment claim premised on BOP's failure to admit prisoner to RDAP without merit). Based on the foregoing, Mack's Eighth Amendment claim is without merit, and Defendants are entitled to summary judgment.

Mack also challenges the criteria the BOP utilizes to screen inmates for RDAP, claiming that the BOP's adopted policy for determining RDAP eligibility constitutes an unreasonable exercise of its discretion. (Objections 5-7, 9.) The court disagrees. The BOP is required by statute to "provide residential substance abuse treatment . . . for all eligible prisoners." 18 U.S.C. § 3621(e)(1)(C). Whether an inmate is eligible for substance abuse treatment, however, is left to the discretion of the BOP. § 3621(e)(5)(B) (defining "eligible prisoner" as one "who . . . is determined by the Bureau of Prisons to have a substance abuse problem"). Pursuant to regulations promulgated by the BOP, an inmate must have a verifiable documented drug abuse disorder to be eligible for RDAP. 28 C.F.R. § 550.53(b)(1). In 2009, the BOP issued Program Statement 5330.11, which further explains the BOP's verification prerequisite by requiring inmates to produce documentation showing a substance abuse problem during the twelve months preceding the inmate's arrest to be eligible for RDAP. (Def. Mot. Summ. J. 11-13; Ex. E (Program Statement at 17-18).) Mack challenges this requirement, maintaining that the BOP has exceeded its statutory authority by excluding from RDAP all prisoners who are unable to produce documentation showing substance abuse in the twelve months preceding arrest. (Objections 5-7, 9.)

Because the BOP's twelve-month policy appears in a program statement that lacks the force of law, it is not afforded the same robust deference applicable to agency interpretations contained in regulations. Christensen v. Harris County, 529 U.S. 576, 586-87 (2000). Nevertheless, the BOP's interpretation of its statutory authority is "entitled to respect" to the extent that it has the "power to persuade." Id. at 587. Applying this standard, numerous courts reviewing the BOP's twelve-month policy have concluded that it is a reasonable interpretation of the BOP's statutory authority. See Colon v. Craig, No. 06-CV-679 (DRH), 2007 WL 3076926, at **5-6 (N.D.N.Y. Oct. 19, 2007) (unpublished) (collecting cases and noting that the majority of courts have upheld the BOP's twelve-month verification policy); but see Smith v. Vazquez, 491 F. Supp. 2d 1165, 1171 (S.D. Ga. 2007) (describing the policy as "unwritten, unpublished, and seemingly inconsistent" and concluding that it lacked the power to persuade). As one court observed, "common sense would dictate that entry into the most rigorous program would be restricted to those prisoners having a recent history of abuse, rather than one who can demonstrate that he had a substance abuse problem 4 to 9 years prior to arrest and 7 to 12 years prior to incarceration." Laws v. Barron, 348 F. Supp. 2d 795, 805-06 (E.D. Ky. 2004). Furthermore, given the BOP's finite resources and the demand for participation in RDAP, the BOP's twelve-month policy "is highly relevant to determination of RDAP eligibility since, if verified, it may suggest that the prisoner is in remission and does not need further treatment." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 606 (N.D. W. Va. 2007) (rejecting challenge to BOP's policy requiring documentation of substance abuse during twelve-month period prior to arrest). Based on the foregoing, the court finds that the justifications underlying the BOP's twelve-month policy are persuasive, and therefore, the policy is not an arbitrary or unreasonable exercise of the BOP's statutory authority.

Mack cites Kuna v. Daniels, 234 F. Supp. 2d 1168 (D. Or. 2002), and Mitchell v. Andrews, 235 F. Supp. 2d 1085 (E.D. Cal. 2001), in support of his claim that the BOP abused its discretion in denying his admission to RDAP. In both cases cited by Mack, the BOP denied inmates admission to RDAP despite evidence demonstrating use of alcohol or drugs during the applicable twelve-month period, and therefore, the court found that the BOP acted arbitrarily because it contravened the terms of its own policy. Kuna, 234 F. Supp. 2d at 1169; Mitchell, 235 F. Supp. 2d at 1091. Unlike Kuna and Mitchell, there is no evidence in the record that Mack used drugs in the relevant twelve-month period prior to his arrest. According to his Presentence Investigation Report, Mack admitted that he last used drugs fifteen months prior to arrest. (Mot. Summ. J. Ex. D (Pl. Psychological Data File at 2).) Based on the foregoing, the BOP did not abuse its discretion in denying Mack admission to RDAP.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, document number 31, is granted. It is further

**ORDERED** that Plaintiff's motion for order to view exhibit A1, docket number 41, is denied as moot.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
August 3, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.